UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-1520-NAB |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Mark Lane ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 9). Because I find the decision denying benefits was not supported by substantial evidence, I will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

**I.  PROCEDURAL BACKGROUND**

In May 2017, Plaintiff applied for DIB, alleging that he had been unable to work since September 2016 due to bulging discs, herniated discs, nerve damage, and tail bone damage. (Tr.

---

[1]    Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

262, 429).[2] His application was initially denied. (Tr. 275-78).  Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") (Tr. 279-80). At the hearing, Plaintiff amended the alleged onset date to August 2, 2017. (Tr. 229). After a hearing, the ALJ issued an unfavorable decision on October 22, 2019. (Tr. 200-10). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council (Tr. 335-38), but the Appeals Council declined to review the case on August 27, 2020. (Tr. 1-4). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

With regard to Plaintiff's testimony, medical and vocational records, the Court accepts the facts as set forth in the parties' statements of facts and responses.

## II.     STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work

---

[2]     It appears that Plaintiff's application was initially denied in July 2017 because Plaintiff was still working 40 hours a week at a subsidies rate that was above substantial gainful activity ("SGA"). (Tr. 261).  Plaintiff filed a request for reconsideration of the SGA denial. (Tr. 274).

exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 404.1520(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4), which is "the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or

3

her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 404.1560(c)(2).

### III. THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ in this case found, at step one, that Plaintiff has not engaged in substantial gainful activity since September 2, 2016, the alleged onset date. (Tr. 202). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease and spondylosis of the lumbar spine, obesity, diabetes mellitus, and osteoarthritis of the left shoulder. (Tr. 202). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 204).

The ALJ found that Plaintiff had the following RFC:

4

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) in that he can lift or carry 10 pounds occasionally. He can stand and/or walk 2 hours in an 8-hour workday and sit up to 6 hours in an 8-hour workday. [Plaintiff] cannot climb ladders, ropes, scaffolds, ramps or stairs. He can occasionally balance and stoop, but never kneel, crouch, and crawl. He should be allowed to use a cane to assist with ambulation. He should also be allowed to alternate between sitting and standing up to every 45 minutes if necessary. He cannot push or pull with the left lower extremity. He is limited to occasional overhead reaching with the left upper extremity. He should avoid concentrated exposure to excessive vibration, unprotected heights, and hazardous machinery.

(Tr. 204-05). Moving to step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 208). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age, education, work experience, and RFC, the ALJ relied on the testimony of the vocational expert and found that there are jobs that exist in numbers in the national economy that Plaintiff can perform such as ampoule sealer, final assembler, and circuit board assembler. (Tr. 209). The ALJ concluded that Plaintiff "has not been under a disability . . . from September 2, 2016, through the date of th[e] decision[.]" (Tr. 210).

## IV. DISCUSSION

Plaintiff challenges the ALJ's Decision on multiple grounds. Because I find the pain evaluation, where the ALJ rejected Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms, is not supported by substantial evidence, the Court will remand on this issue. As such, the Court need not reach Plaintiff's remaining arguments.

### A. Standard for Judicial Review

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the

5

agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B.      Opinion Evidence

Courts normally defer to an ALJ's credibility determination. *See Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010). Per 20 C.F.R. § 404.1529, when evaluating disability, the SSA will "consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." The Eighth Circuit has held that the ALJ must consider the five *Polaski* factors when considering a

claimant's subjective descriptions of disabling pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). But the ALJ is "not required to discuss each *Polaski* factor so long as he acknowledges and considers the factors before discounting a claimant's subjective complaints." *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (citation omitted).

"After careful consideration of the evidence," the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effect of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. at 205). Prior to this statement, and consistent with the Eighth Circuit's requirements, the ALJ recognized his obligation to assess Plaintiff's symptoms based on the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p. (*Id.*). *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (citation omitted) (recognizing 20 C.F.R. § 404.1529 "largely mirror[s] the *Polaski* factors").

Throughout the relevant discussion and analysis, the ALJ noted – among other things – that Plaintiff continued to receive conservative treatment, had not been referred for surgery, objective imaging remained stable and was inconsistent with disabling pain, that Plaintiff's pain was well controlled, and there was improvement in his left leg symptoms. Based on these findings, the ALJ found Plaintiff's subjective complaints of pain were not consistent with the objective medical evidence of record.

After the ALJ's decision in October 2019, Plaintiff submitted to the Appeals Council numerous additional medical records, some dated prior to the ALJ's decision and some dated after it. With respect to some of the records, the Appeals Council found that they did not show a

7

reasonable probability that they would change the outcome of the decision. (Tr. 2). With respect to others, the Appeals Council found that they did not relate to the period at issue and therefore did not affect the decision about whether he was disabled beginning on or before October 22, 2019. (*Id.*). The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5) (effective Jan. 17, 2017 to Dec. 15, 2020). Where, as here, "the Appeals Council denies review of an ALJ's decision after reviewing new evidence, [the Court does] not evaluate the Appeals Council's decision to deny review, but rather [it] determine[s] whether the record as a whole, including the new evidence, supports the ALJ's determination." *McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013) (quoting *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000)). *Accord Perks v. Astrue*, 687 F.3d 1086, 1093 (8th Cir. 2012). A remand is proper only if the new evidence is relevant and probative of the claimant's condition for the time period for which the benefits were denied. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). *See also Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991) (holding that new evidence is relevant only if it relates to claimant's condition on or before the ALJ's decision).

A September 2019 medical record indicates that physical therapy was not a success, and the steroid injections did not help. (Tr. 90). Another visit from September 2019 with Dr. Malbrough notes that conservative treatment does not appear to be working, and he recommends surgery to relieve Plaintiff's symptoms. (Tr. 219). Several records note that Plaintiff's pain is no longer well managed by his current medications and that Plaintiff wished in trying a longer duration pain medication for consistent pain relief, with the physical exam noting that Plaintiff periodically repositioned during the exam encounter. (Tr. 10-11, 80). In January 2020, Dr. Voges

recommended another MRI and indicated that Plaintiff will likely need to see a neurosurgeon or "orthospine" surgeon. (Tr. 97). Plaintiff underwent another MRI in June 2020 with significant findings, and it also noted a new right-sided posterior localized disc protrusion that appeared new since a March 2019 imaging. (Tr. 51). A July 20, 2020 record noted that chronic degenerative disc disease was found on imaging and that Plaintiff was scheduled with neurosurgery. (Tr. 19). Further, a July 23, 2020 appointment noted that Plaintiff's back pain symptoms "have been present since a fall in September 2016." (Tr. 23). This same visit also showed diminished findings in the neurological portion of the physical exam and Dr. Sweeney finding that Plaintiff "has failed conservative treatment options thus far and has obvious neurological deficits". (Tr. 31). Dr. Sweeney goes on to state that he recommends surgery. (Tr. 31). This new evidence is probative of Plaintiff's spine condition before October 2019.  The Court does also note that some of the physical exams throughout the above time period do appear rather normal.

However, given the ALJ's reasoning for discounting Plaintiff's subjective pain allegations, the Court finds that this case should be remanded to allow the ALJ the opportunity to consider the objective medical record of evidence and make a new finding about Plaintiff's subjective pain allegations. For example, the ALJ relied on medical records of Dr. Malbrough showing conservative treatment, (Tr. 206), but later records from this same doctor contradict the earlier records showing Plaintiff did not respond well to injections and surgery was a better option moving forward. That a surgeon a month before the ALJ's decision, as well as several months after, determined Plaintiff's back issues were sufficiently severe after failed conservative treatment to require surgical repair could very well inform the ALJ's analysis about the weight he gave to Plaintiff's subjective complaints.

Upon reconsideration of appropriate evidence, the ALJ may well determine that Plaintiff is not disabled. The Court is aware that upon remand, the ALJ's decision as to non-disability may not change after properly considering all evidence of record and undergoing the required analysis, but the determination is one the Commissioner must make in the first instance. *See Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (when a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings); *Leeper v. Colvin*, No. 4:13-CV-367 ACL, 2014 WL 4713280 at *11 (E.D. Mo. Sept. 22, 2014) (ALJ duty to make disability determination).

## V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **GRANTED** in part and **DENIED** in part. (Docs. 1, 27).

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will be filed contemporaneously with this Memorandum and Order remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of September, 2022.