UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK D. LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-1520-NAB |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Application for Award of Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [ECF No. 34.] Plaintiff requests attorney's fees in the amount of $7,970.53, at the rate of $209.05 per hour and $220.22 per hour for time spent in the years 2020 and 2021, respectively. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, filed a response stating that although Plaintiff requested $7,970.53 in his motion, "[a]fter discussions with Plaintiff's counsel, Plaintiff and Defendant have agreed to an award of EAJA fees and expenses in the amount of $7,300.00." [ECF No. 36.]  Based on the following, the Court will award Plaintiff attorney's fees in the amount of $7,300.00.

**I.      Factual and Procedural Background**

Plaintiff Mark Lane filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under the Social Security Act.  [ECF No. 1.]  On September 29, 2022, the Court issued a Memorandum and Order and Judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g). [ECF Nos. 32, 33.] Plaintiff filed a request for attorney's fees under the EAJA on December 27, 2022.  [ECF No. 34.] Defendant filed a response to the motion on January 9, 2023.  [ECF No. 36.]

## II.     Standard of Review

"A court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified; and (4) make the application within thirty days of final judgment of the action. 28 U.S.C. § 2412(d)(1)(B). The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought. *Id.* "In sentence four [remand] cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G) ("Final judgment" means a judgment that is final and not appealable.")).

"It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action." *Stanfield v. Apfel*, 985 F.Supp. 927, 929 (E.D. Mo. 1997) (*citing Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986)). Obtaining a sentence four judgment reversing the Secretary's denial of benefits is sufficient to confer prevailing party status. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

### III. Discussion

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter. First, Plaintiff is a prevailing party in this action, because he has obtained a reversal of the Commissioner's denial of his application for benefits. [ECF No. 32.]

Second, Plaintiff's application for attorney's fees appears reasonable, but will be reduced due to the parties' agreement. Plaintiff initially requested fees in the amount of $7,970.53, at the rate of $209.05 per hour for 2.1 hours of attorney work in 2020 and $220.22 per hour for 34.2 hours of attorney work in 2021. The application includes an itemized statement from his attorney stating the actual time expended and the rate at which the attorney's fees were computed. [ECF No. 35-1.] The Court has carefully reviewed Plaintiff's time records and the Court agrees that a reduction in the requested fee should be taken and affirms the amount agreed to by the parties.

The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved." *Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1301 JCH at *1 (E.D. Mo. June 9, 2009). "The decision to increase the hourly rate is at the discretion of the district court." *Id.* at *2. "Where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living

sufficient to justify hourly attorney's fees of more than [$125.00] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Plaintiff's counsel cited evidence from the U.S. Bureau of Labor Statistics, using the Consumer Price Index Inflation Calculator to explain the change in the cost of living from 1996 when the $125.00 hourly limitation became effective and 2021. [ECF No. 35-2.] Plaintiff and Defendant have agreed upon an award of attorney's fees. Upon consideration of these facts, the Court finds that the hourly rate, number of attorney hours expended, and a total fee award of $7,300.00 is reasonable. As alleged by Plaintiff, the Court finds that the Defendant's position was not substantially justified. Therefore, the Court will award Plaintiff attorney's fees in the amount of $7,300.00.

Plaintiff has submitted a signed agreement titled "EAJA Assignment," which assigns any award he may receive under the EAJA to his counsel of record. [ECF No. 35-3.] The EAJA requires that the attorney's fee award be awarded to the prevailing party, in this case the Plaintiff, not the Plaintiff's attorney. *Astrue v. Ratcliff*, 560 U.S. 586, 591 (2010) (the term "prevailing party" in fee statutes is a "term of art" that refers to the prevailing litigant (citing 42 U.S.C. § 2412(d)(1)(A)). Awards of attorney fees to the prevailing party under the EAJA are "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratcliff*, 560 U.S. at 589. Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned his right to the award to his attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to Plaintiff as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

IV.   **Conclusion**

Based on the foregoing, the Court will award Plaintiff attorney's fees in the amount of $7,300.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act is **GRANTED in part and DENIED in part**.  [ECF No. 34]

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Plaintiff attorney's fees in the amount of $7,300.00, subject to any pre-existing debt that the Plaintiff owes the United States and the check should be mailed to Plaintiff's counsel, Jennifer Van Fossan, assignee.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of January, 2023.